JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Eugene Sawyer ("defendant") appeals from the jury verdict and sentence entered in the Cuyahoga County Common Pleas Court. For the reasons that follow, we affirm in part, reverse in part, and remand.
 {¶ 2} A Cuyahoga County Grand Jury returned an indictment against defendant charging him with sexual battery (R.C. 2907.03); unlawful sexual conduct with a minor (R.C. 2907.04); corrupting another with drugs (R.C. 2925.02); and endangering children (R.C. 2919.22). The charges arose from allegations made by a fourteen-year-old relative. At trial, the State presented the testimony of two police officers, the victim's social worker, a family therapist and three of defendant's relatives, including the victim. The jury acquitted defendant of the sexual conduct charge, but convicted him of corrupting another with drugs, a felony of the second degree; and child endangerment resulting in serious physical harm to the victim, a felony of the third degree. Because defendant's appeal challenges the verdict with respect to the findings of guilt, we correspondingly limit our recitation of the facts to those relevant to the same.
 {¶ 3} It is not disputed that defendant knew the victim's age at the time of the alleged offenses. The victim testified that defendant offered her crack cocaine and that she used the drug with him on a number of occasions. The victim admitted to a history of crack cocaine abuse and estimated using it 20 times or more. (Tr. 487-488). She further described where and from whom defendant purchased the crack cocaine. She described using crack cocaine with defendant and another tenant. Her testimony corresponds with that of her mother, who saw defendant with the tenant in the presence of the victim and suspected drug use, which the victim denied. However, the victim later admitted to lying and states she had been using crack cocaine with the defendant at that time.
 {¶ 4} The record further contains testimony to the effect that none of the other residents of the household ever detected any odor of crack cocaine despite the victim's claims of using it in the home. One member of the household admits to having sold crack cocaine. That witness observed defendant with a crack pipe and later located that pipe on or around defendant's computer. However, no one claims to have witnessed defendant using crack cocaine except the victim. No drugs were presented in evidence. The parties stipulated that crack cocaine is a Schedule II drug, but made no stipulation as to the existence and/or nature of the substance allegedly provided by the defendant to the victim.
 {¶ 5} There is evidence in the record establishing the victim's subsequent hospitalization, unruly complaints, and the fact that her mother voluntarily relinquished custody of her due to unruly behavior. Some of the testimony in the record links the victim's hospitalization and other problems to an abortion she had in the past, unrelated to her alleged use of drugs with the defendant. One witness suspected sexual abuse as a cause of the victim's problems and hospitalizations. There is no testimony or other evidence in the record that would relate the victims problems and hospitalizations to her use of crack cocaine with the defendant.
 {¶ 6} On these facts, the jury found defendant guilty of corrupting another with drugs, a felony of the second degree, and felony child endangering. The court referred defendant to probation for a presentence investigation.
 {¶ 7} At the sentencing hearing, the defendant offered the testimony of three relatives. The State relied upon the defendant's prior conviction for drug abuse, the victim impact statement, and its perception of defendant's lack of remorse in recommending a sentence toward the maximum. The court incorporated a letter written to the court from the victim into the record. In imposing sentence, the court referenced defendant's prior record and various other sentencing factors, including a perceived lack of remorse derived from defendant's denial of guilt. The court ordered defendant to serve seven years on the charge of corrupting another with drugs and four years on the charge of child endangering, to be served concurrently. Defendant appeals, assigning seven assignments of error for our review. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 {¶ 8} "I. The trial court erred in denying the defendant's Rule 29 motion when the State failed to offer sufficient evidence that the substance allegedly smoked by the victim was crack cocaine.
 {¶ 9} "II. The trial court erred in denying the defendant's Rule 29 motion as to the endangering charge when the State failed to offer evidence that the victim suffered serious physical harm.
 {¶ 10} "IV. The jury verdicts were not supported by sufficient probative evidence."
 {¶ 11} In each of these errors, defendant challenges the sufficiency of the evidence against him. In essence, defendant asserts that the State failed to present enough evidence to withstand a motion for acquittal and insufficient evidence to prove the elements of the charges against him beyond a reasonable doubt.
 {¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 13} Crim.R. 29 provides in relevant part that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, where the evidence is insufficient, the trial court must enter a judgment of acquittal pursuant to Crim.R. 29.
 {¶ 14} Defendant first asserts that the State offered insufficient evidence to identify the alleged substance smoked by defendant and the victim as crack cocaine. Defendant asserts that this insufficiency of evidence negates the conviction for corrupitng another with drugs and the child endangering charge.[1] The State offered only the victim's testimony to establish the substance as crack cocaine. To that end, the victim admitted to smoking crack cocaine on 20 or more occasions with various individuals, including defendant. She testified to witnessing defendant purchase crack cocaine from a dealer named Terry. The witness was familiar with drug vernacular and testified that a "stem" is "a pipe, a crack pipe." (Tr. 498). The victim reported defendant's crack cocaine use to her counselor prior to the time she brought her allegations leading to defendant's indictment in this case. (Tr. 521).
 {¶ 15} The Ohio Supreme Court has held that "the experience and knowledge of a drug user lay witness can establish his or her competence to express an opinion on the identity of a controlled substance if a foundation for this testimony is first established." State v. McKee
(2001), 91 Ohio St.3d 292, 297. Defendant asserts that the victim's testimony lacked the requisite foundation necessary to allow her lay opinion on the identity of the alleged controlled substance and, as such, her testimony should have been excluded. We disagree.
 {¶ 16} In McKee, the Ohio Supreme Court deemed the testimony insufficient and excludable on theses grounds: (1) lack of evidence of witnesses' prior experiences with the drug; (2) lack of testimony regarding the actual appearance of the drug; and (3) lack of testimony as to experiencing effects of the drug at the time of the alleged offense. Id. Unlike the situation in McKee, the victim in this case reported a history of crack cocaine abuse, familiarity with the use of the drug and knowledge of the paraphernalia, and that she felt "high" at the time of the offense. Because we find that a proper foundation existed and that the victim's testimony was properly admitted, we find that the jury's verdict on both the corrupting another with drugs and child endangering was supported by sufficient evidence in the record. Accordingly, the first assignment of error is overruled.
 {¶ 17} We next address defendant's contention that the State presented insufficient evidence to support a conviction on the elevated charge of felony child endangering with respect to the element of serious physical harm. The legislature has defined "serious physical harm to persons" in R.C. 2901.01(A)(5) to include any of the following:
 {¶ 18} "(A) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 19} "(B) Any physical harm that carries a substantial risk of death;
 {¶ 20} "(C) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 21} "(D) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 22} "(E) Any physical harm that involves acute pain of such duration as to result in substantial suffering that involves any degree of prolonged or intractable pain."
 {¶ 23} The serious physical harm must result from the conduct underlying the charge. E.g., State v. Torr, 2002-Ohio-524, Tenth District App. No. 00AP-1418 ("R.C. 2919.22(E)(1)(C) requires the child endangering described in R.C. 2919.22(A) to be the result of serious physical harm to the child."). Thus, in order to convert first degree misdemeanor child endangering into a felony, the State must establish that the serious physical harm resulted from the victim's use of drugs with the defendant.[2]
 {¶ 24} While the record contains evidence of the victim's hospitalization and generalized unruliness, there is nothing in the record linking these events to her use of drugs with defendant. Instead, the testimony supports the conclusion that these events resulted from an abortion and suspected sexual abuse. For these reasons, the second assignment has merit and is sustained to the extent that upon remand the trial court is instructed to revise the judgment to reflect the conviction of child endangering as a first degree misdemeanor, and to resentence defendant accordingly.
 {¶ 25} We dispense with the fourth assignment of error consistent with our disposition of the first and second assignments of error as set forth above.
 {¶ 26} "V. The jury verdicts were against the manifest weight of the evidence."
 {¶ 27} In reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997),78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 28} The weight of the evidence supports the jury's verdict finding defendant guilty of corrupting another with drugs and child endangering such that we cannot say that the jury clearly lost its way. However, consistent with our disposition of Assignments of Error II and IV, the evidence failed to establish that defendant's conduct in corrupting another with drugs resulted in any serious physical harm to the victim as provided by statute. This error is sustained with regard to remanding the matter to revise the judgment to reflect child endangering, a first degree misdemeanor, and to resentence defendant accordingly. This assignment of error is overruled in all other respects.
 {¶ 29} "III. The trial court erred by failing to instruct the jury that the requisite mental state for child endangering is recklessness.
 {¶ 30} "VI. The defendant was denied the effective assistance of counsel when his attorney failed to request a jury instruction on the requisite mental state for child endangering or to object to the absence of such an instruction in the jury charge."
 {¶ 31} Because defendant failed to object to the jury instructions, we review the failure to give the identified instruction for plain error. The standard for plain error is "but for the error, the outcome of the trial clearly would have been otherwise." McKee,91 Ohio St.3d at 294, citing Crim.R. 52(B); State v. Johnson (2000),88 Ohio St.3d 95. "Failure of a trial court to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B)." State v. Adams (1980), 62 Ohio St.2d 151, paragraph two of the syllabus. "Where a trial court's failure to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged is asserted to be plain error under Crim.R. 52(B), the reviewing court must examine the record in order to determine whether that failure may have resulted in a manifest miscarriage of justice. State v. Long, 53 Ohio St.2d 91, paragraph three of the syllabus, [* * * 3] approved and followed.)" Id., at paragraph three of the syllabus.
 {¶ 32} If the court had instructed the jury that recklessness was the culpable mental state required for child endangering, defendant claims that the outcome of the trial "may have been different." At the outset, we note that it is not sufficient to speculate that the outcome may have been different, it must be clear that the outcome would have been otherwise. Id. Notwithstanding, defendant suggests that the jury could have mistakenly convicted defendant of child endangering on a strict liability standard. The State counters that the record contains overwhelming evidence that defendant acted with recklessness such that conviction would have resulted on the child endangering charge regardless of the alleged error. We agree.
 {¶ 33} The victim testified that defendant smoked crack cocaine with her on repeated occasions, purchased crack cocaine under her observation, and otherwise permitted the fourteen-year-old victim to use crack cocaine and associate with drug abusers. Consequently, we do not find that the failure to instruct the jury rises to the level of plain error. Accord, Adams, supra.
 {¶ 34} Consistent with our disposition of the third assignment of error, we do not find that counsel was ineffective in not requesting an instruction on the culpable mental state for child endangering. See, generally, Strickland v. Washington (1984), 466 U.S. 668 (setting forth the request elements of an ineffective assistance of counsel claim).
 {¶ 35} The third and sixth assignments of error are overruled.
 {¶ 36} "VII. The trial court erred in sentencing the defendant to seven years on the charge of corrupting another with drugs and four years on child endangering when the defendant showed sincere remorse and the sentencing factors did not warrant such a harsh penalty."
 {¶ 37} As set forth previously herein, this matter is being remanded for resentencing on the child endangering count. Accordingly, we limit our review of this error to the sentence imposed for corrupting another with drugs.
 {¶ 38} Defendant contends that his seven-year sentence is contrary to law and urges us to modify his sentence to the minimum under the provisions of R.C. 2953.08. We note in this case that the trial court did not impose the maximum eight-year prison term. Having reviewed the sentencing transcript, we find that the trial court adhered to the statutory directives in imposing sentence. It remains within the sound discretion of the trial court as to what weight, if any, it will give to any of the factors in imposing sentence.
 {¶ 39} In this case, the court found that "a lot of seriousness factors" applied in this case. Among other factors, the court found it significant that the defendant showed no genuine remorse. The court also considered the nature of the relationship between the defendant and the victim, the age of the victim, and the position of trust held by defendant in relation to the victim. While defendant complains that the court did not consider the less seriousness factors or the unlikely risk of recidivism, the record indicates that the court explicitly found that "[n]one of the recidivism or likely or less seriousness factors apply in this case." (Tr. 706). Even if we were to accept defendant's contention that the court erred in finding the provisions of R.C. 2929.12(B)(2) and (9) applicable to this matter, we find that the absence of these factors still leaves the presence of several other more serious findings that would apply and which application is not contested by defendant.
 {¶ 40} The court also found that certain recidivism factors applied, including the fact of defendant's criminal history and his failure to respond to past sanctions. Because we find that the trial court's sentence comports with the law, we decline to modify it. This assignment of error is overruled.
TIMOTHY E. McMONAGLE, A.J., and DIANE KARPINSKI, J., CONCUR.
[1] Defendant argues that without sufficient evidence to establish that he allowed the victim to smoke crack cocaine, the State failed to establish the requisite elements of child endangering set forth in R.C.2929.22.
[2] While the State pursued sexual misconduct charges against the defendant, the jury acquitted defendant of that charge. Accordingly, the State may not support the felony child endangering charge with serious physical harm resulting from the alleged sexual abuse for which defendant was acquitted.